After Recording Return To:
CoreLogic SolEx
1637 NW 136th Avenue Suite G-100
Sunrise, FL 33323

This Document Prepared By:
Ara Habibi
NATIONSTAR MORTGAGE LLC
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: August 03, 2007
Original Loan Amount: $141,600.00
New Money: $62,097.87

Loan No: ▇▇▇▇
Investor Loan No: ▇▇▇▇

# LOAN MODIFICATION AGREEMENT
(Providing For Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 24th day of November, 2015, between JOSEPH H. MARTIN, JR., AN UNMARRIED MAN and ELIZABETH BANKS, AN UNMARRIED WOMAN ("Borrower") and NATIONSTAR MORTGAGE LLC, whose address is 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated August 01, 2007 and recorded in Mortgage Book 6234, Page 105, Instrument No: 2007059756, of the Official Records (Name of Records) of MOBILE County, AL (County and State, or other Jurisdiction) and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
6400 GASLIGHT LANE SOUTH, MOBILE, AL 36695,
(Property Address)
the real property described being set forth as follows:

See Exhibit "A" attached hereto and made a part hereof:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of December 1, 2015, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. $197,703.37, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
8300b 08/14

Form 3179 1/01 (rev. 4/14)
(page 1 of 5)

2. $44,638.37 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $153,065.00. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of 4.000%, from December 1, 2015. Borrower promises to make monthly payments of principal and interest of U.S. $639.72, beginning on the 1st day of January, 2016, and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The yearly rate of 4.000% will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new Maturity Date will be **December 1, 2055**.

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If Borrower makes a partial prepayment of Principal, Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

5. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

6. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

7. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument  Form 3179 1/01 (rev. 4/14)
8300b 08/14 (page 2 of 5)

(b)     All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)     Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)     All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)     Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)     Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

8. In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

9. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

10. This Agreement modifies an obligation secured by an existing security instrument recorded in MOBILE County, AL, upon which all recordation taxes have been paid. As of the date of this

LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
8300b 08/14

Form 3179 1/01 (rev. 4/14)
(page 3 of 5)

agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $135,605.50. The principal balance secured by the existing security instrument as a result of this Agreement is $197,703.37, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_Joseph W Martin Jr_
JOSEPH H. MARTIN, JR. -Borrower

_Elizabeth Banks_
ELIZABETH BANKS -Borrower

_Ja'Kayln Banks_ -Witness
Signature

Ja'Kayln Banks -Witness
Print Name

_Paul Pollard_ -Witness
Signature

PAUL POLLARD -Witness
Print Name

_____ [Space Below This Line For Acknowledgments] _____

State of Alabama

County of __Mobile__

I, __Lashea McWhorter__ Notary Public, hereby certify that
(please print name)
JOSEPH H. MARTIN, JR. and ELIZABETH BANKS, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that being informed of the contents of the conveyance, he executed the same voluntarily on the day the same bears Date. Given under my hand this __30th__ day of __November__, A. D. 20__15__.

_Lashea McWhorter_
(signature of officer)

My commission expires:__My Commission Expires November 10, 2018__

LASHEA MCWHORTER
Notary Public
Alabama State at Large

LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
8300b 08/14

Form 3179 1/01 (rev. 4/14)
(page 4 of 5)

**NATIONSTAR MORTGAGE LLC**

By: _Ara Habiba_ (Seal) - Lender
Name: Ara Habiba
Title: **Assistant Secretary**

Date of Lender's Signature: 12/31/15

[Space Below This Line For Acknowledgments]

The State of TX
County of Dallas

Before me _Erica White_ /Notary Public (name/title of officer) on this day personally appeared _Ara Habiba_, the Assistant Secretary of Nationstar Mortgage LLC, (known to me) (or proved to me on the oath of _____ or through _____ (description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _31_ day of _December_, A.D., _2015_.

_Erica White_
Signature of Officer

Notary Public
Title of Officer

My Commission expires: _1/6/19_



ERICA WHITE
Notary Public, State of Texas
My Commission Expires
January 06, 2019

LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
8300b 08/14

Form 3179 1/01 (rev. 4/14)
(page 5 of 5)

## Exhibit "A"

Loan Number: ████████

Property Address: **6400 GASLIGHT LANE SOUTH, MOBILE, AL 36695**

Legal Description:
THE FOLLOWING DESCRIBED PROPERTY LOCATED IN THE COUNTY OF MOBILE, STATE OF ALABAMA: LOT 112, UNIT 7, CARRIAGE HILLS AS RECORDED IN MAP BOOK 26, PAGE 110 IN THE RECORDS IN THE OFFICE OF THE JUDGE OF PROBATE COURT OF MOBILE COUNTY, ALABAMA.

Exhibit A Legal Description Attachment 11/12

Page 1 of 1